IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE GAMBLE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-24-1082 |
| UNITED STATE DISTRICT COURT OF MARYLAND | * | |
| | * | |
| Defendant | | |

* * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| WAYNE GAMBLE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-24-1264 |
| UNITED STATES DISTRICT OF DELAWARE, | * | |
| | * | |
| Defendant | | |

***
**MEMORANDUM AND ORDER**

Pro se Plaintiff Wayne Gamble filed suit in this Court on April 11, 2024, and his case was assigned case number JKB-24-1082. On April 16, 2024, the Court issued an Order requiring Gamble to either pay the full filing fee or file a Motion to Proceed in Forma Pauperis. The Court also required Gamble to file an Amended Complaint, because he failed to state a claim or name proper defendants. On April 30, 2024, the Court received another complaint from Gamble accompanied by a Motion to Proceed in Forma Pauperis and alleging similar claims as those raised in JKB-24-1082. Because Gamble did not include the case number on his pleadings, the April 30 complaint was opened as a new civil action and assigned the case number JKB-24-1264.

Because it appears that Gamble's April 30 complaint and motion were intended to be the Amended Complaint ordered in the earlier-filed case, the two cases will be consolidated for all purposes, with JKB-24-1082 being the lead case. Gamble's pending Motion to Proceed in Forma Pauperis shall be docketed in JKB-24-1082 and granted; and the complaint filed in Civil Action JKB-24-1264 will be docketed as an Amended Complaint in JKB-24-1082.

In his one-page Amended Complaint, Gamble alleges that the United States District Court for the District of Delaware "broke the law very, very bad" and "even overthrow the government." He adds that the Delaware Court refused to give him his "winning papers and the judge confession on tape." He states the Judge's name is Joe Fernnon and he concludes that "[s]ince the North government is overthrow the State and City Police have too turn in there badges by law, and all United State District Court in 52 State have to Close by law, and public school in 52 State have to closed by law and anything [else] under the government have to close."

As noted above, Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating the Amended Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court

may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Gamble's allegations do not state a claim upon which relief may be granted. His conclusory statements and vague references to a judgment he obtained that seemingly entitles him to demand a shutdown of the government bear no resemblance to a cognizable federal cause of action. Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly,* 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 569. Gamble's complaint does not meet this standard and therefore must be dismissed.

Accordingly, it is ORDERED that:

1. The Clerk SHALL CONSOLIDATE these cases;
2. The Complaint filed in Civil Action JKB-24-1264 SHALL BE DOCKETED in Civil Action JKB-24-1082 as the Amended Complaint;
3. The Motion to Proceed in Forma Pauperis filed in Civil Action JKB-24-1264 SHALL BE DOCKETED in Civil Action JKB-24-1082 and IS GRANTED;
4. The Amended Complaint IS DISMISSED for failure to state a claim; and
5. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff and SHALL CLOSE these cases.

Dated this __11__ day of June, 2024.

FOR THE COURT:

*/s/ James K. Bredar*

James K. Bredar
United States District Judge